IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PUBLIC WATER SUPPLY DISTRICT NO. 1 OF GREENE COUNTY, MISSOURI, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 20-cv-03318-SRB ) |
| CITY OF SPRINGFIELD, MISSOURI, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment. (Doc. #51.) For the reasons set forth below, the motion is GRANTED IN PART insofar as Plaintiff's federal claims are DISMISSED WITH PREJUDICE. The motion is DEFERRED IN PART insofar as the parties shall file supplemental briefing on whether the Court should exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

**I. FACTUAL BACKGROUND**

For the purpose of resolving the pending motion, and unless otherwise indicated, the following facts are uncontroverted or deemed uncontroverted by the Court. Additional facts relevant to the parties' arguments are set forth in Section III.[1]

Plaintiff Public Water Supply District No. 1 of Greene County, Missouri ("PWSD") is a public water supply district. PWSD was formed in 1964 pursuant to Missouri law. PWSD was

---

[1] Plaintiff has filed a pending cross-Motion for Partial Summary Judgment. (Doc. #44.) The parties' respective motions raise similar facts and arguments. The Court has reviewed all briefs and exhibits pertaining to both motions for summary judgment, and the rulings herein dispose of both motions regarding Plaintiff's federal claims. To provide context and/or where applicable, this Order includes facts and arguments raised in the parties' briefs on Plaintiff's motion. Only those facts necessary to resolve the pending motions are discussed below, and are simplified to the extent possible.

created for the purpose of developing and providing water services to residents within its legal geographical service area (the "service area").

PWSD has obtained three federal loans in order to fund its operations. In 1965, PWSD took out a $131,000 loan from the United States Department of Agriculture ("USDA").[2] In 1999, PWSD paid off the 1965 loan. In 1981, PWSD took out a second loan from the USDA in the amount of $310,000. PWSD paid off the 1981 loan in December 2015. In June 2015, PWSD took out a third loan from the USDA in the amount of $1,200,000. PWSD has not yet paid off the 2015 loan.

Defendant City of Springfield, Missouri ("Springfield") provides water services to customers both within and outside of its city limits. As relevant here, Springfield provides water services to subdivisions known as Monta Vista Heights, Teton Estates, and Abbey Lane (collectively, the "disputed subdivisions"). The disputed subdivisions are outside of Springfield's municipal boundaries but are within PWSD's service area. Springfield has served Monta Vista Heights and Teton Estates since approximately the 1970s, and Abbey Lane since the 1990s. Springfield has not annexed or otherwise included any of PWSD's service area within the city limits of Springfield. Further, no private franchise has been granted in order to provide water services to any portion of PWSD's service area.

On October 6, 2020, PWSD filed this lawsuit against Springfield. PWSD alleges that it has the exclusive right to provide water service to the disputed subdivisions under 7 U.S.C § 1926(b).[3] PWSD alleges that Springfield has similarly violated this right under Missouri law.

---

[2] The Farmers Home Administration is the predecessor to the USDA and issued PWSD's first and second loans. For purposes of consistency and clarity, the Court refers to the USDA throughout this Order.

[3] The Complaint alleges that PWSD's right "include[s] but [is] not limited to customers" in the disputed subdivisions. (Doc. #1, ¶ 16.) However, the parties' summary judgment briefs focus on the disputed subdivisions. All page numbers refer to the pagination automatically generated by CM/ECF.

2

The Complaint contains the following counts: Count One—a damages claim under 42 U.S.C. § 1983 based on Springfield's alleged violation of 7 U.S.C. § 1926(b); Count Two—a request for declaratory judgment under § 1926(b); Count Three—a claim for injunctive relief under §§ 1983 and 1926(b); Count Four—a claim for a constructive trust of "any and all water lines and facilities owned by Springfield" which are used to serve the disputed subdivisions; and Counts Five and Six—claims for injunctive relief and damages under Missouri state law. (Doc. #1, pp. 13-18.)

Springfield now moves for summary judgment on all Counts under Federal Rule of Civil Procedure 56. Springfield argues that summary judgment is warranted on PWSD's federal claims because § 1926(b) does not apply to the facts of this case. With respect to the state law claims, Springfield argues that the Missouri statutes relied upon by PWSD are inapplicable, and/or that Missouri state courts have exclusive jurisdiction.[4] PWSD opposes the motion, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Under Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of identifying "the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (cleaned up). If the moving party makes this showing, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is

---

[4] Springfield raises additional arguments in support of summary judgment, including that PWSD does not have a qualifying loan as required by § 1926(b), that all claims are barred by the statute of limitations, and that all claims for equitable relief are barred by the doctrine of laches. Based on the rulings herein, the Court need not resolve these alternative arguments at this time.

3

Case 6:20-cv-03318-SRB    Document 73    Filed 10/14/21    Page 3 of 12

a genuine issue for trial." *Id.* (quotation marks omitted). If there is a genuine dispute as to certain facts, those facts "must be viewed in the light most favorable to the nonmoving party." *Id.*

### III. DISCUSSION

#### A. Counts One, Two, and Three—Alleged Violations of 7 U.S.C. § 1926(b)

Counts One, Two, and Three allege that Springfield violated § 1926(b) by providing water service to the disputed subdivisions which are within PWSD's service area. Count One asserts a § 1983 claim for damages, Count Two seeks declaratory relief, and Count Three requests injunctive relief.[5] The legal framework applicable to these claims is discussed below.

Under § 1926(a), the USDA has authority to issue loans to an "association," including rural water districts, for the purpose of financing water service. *See* 7 U.S.C. § 1926(a)(1). Congress also prohibited municipalities from competing with rural water districts under certain circumstances for the purpose of "encourag[ing] rural water development and to provide greater security for [USDA] loans." *Rural Water Sys. No. 1 v. City of Sioux Ctr.*, 202 F.3d 1035, 1038 (8th Cir. 2000). Specifically, § 1926(b) provides that:

> The service provided or made available through any such association **shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation** or other public body, **or by the granting of any private franchise for similar service within such area** during the term of such loan; nor shall the happening of any **such event** be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of **such event**.

7 U.S.C. § 1926(b) (emphasis supplied).

---

[5] Section 1983 authorizes a cause of action against a state actor for the deprivation of rights secured by federal law. *See* 42 U.S.C. § 1983. Count Four asserts a constructive trust claim. It is not clear whether this claim arises under federal and/or state law, and the parties' briefs do not specifically address this issue. For purposes of this Order, the Court assumes that the constructive trust claim arises under state law.

In this case, it is undisputed that Springfield has not included the disputed subdivisions within its municipal boundaries, that the disputed subdivisions are outside of Springfield's municipal limits, and that no private franchise has been granted to provide water service to the disputed subdivisions. (Doc. #52, p. 9 at ¶¶ 8-10; Doc. #64, p. 10 at ¶ 8-10.) As such, Springfield argues it is entitled to summary judgment based on the plain language of §1926(b); namely, PWSD's water service rights have not been curtailed or limited (1) "by inclusion of the area served by such association within the boundaries of any municipal corporation," or (2) "by the granting of any private franchise for similar service within such area." 7 U.S.C. § 1926(b). PWSD argues that the protection afforded under § 1926(b) "extends beyond" these two enumerated circumstances. (Doc. #64, p. 21.) As explained below, the Court agrees with Springfield.

When analyzing a statute, the "goal . . . is to give effect to the Congressional intent behind the statute's enactment." *Estate of Farnam v. C.I.R.*, 583 F.3d 581, 584 (8th Cir. 2009). "The first step to that end is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Id.* (citations and quotation marks omitted). "If so, the analysis ends and the court applies the statute's plain meaning." *Id.* To determine "whether statutory language is plain and unambiguous, the court must read all parts of the statute together and give full effect to each part." *Id.* If the statutory language is ambiguous, a court may then consider legislative history and other materials. *See id.*

In *Public Water Supply District No. 3 of Laclede County v. City of Lebanon*, 605 F.3d 511 (8th Cir. 2010), the Eighth Circuit recognized that "any doubts about whether a water association is entitled to protection from competition under § 1926(b) should be resolved in favor of the [USDA]-indebted party seeking protection for its territory." *Id.* at 515 (cleaned up).

However, the Eighth Circuit emphasized that courts must still apply "the plain language of the statute" and to enforce any limitations imposed by Congress. *Id.* at 515-519. "Our role is to interpret and apply statutes as written, for the power to redraft laws to implement policy changes is reserved to the legislative branch." *Id.* at 515 (citations and quotation marks omitted).

*Laclede County* also expressly acknowledged the plain language argument raised by Springfield in this case. The Eighth Circuit recognized that § 1926(b) contains "enumerated methods of curtailing or limiting a rural district's service area—'*inclusion* of the area . . . within the boundaries of any municipal corporation' or '*granting* of any private franchise for similar service.'" *Id.* at 516 (emphasis in original). The Eighth Circuit stated that § "1926(b) could be read to prohibit a city from curtailing or limiting a rural district's service *only* by these enumerated methods," but did not decide this issue because it was not raised on appeal. *Id.* at 516 n.4 (emphasis supplied).

The issue recognized but not decided in *Laclede County* is now squarely before this Court. Upon review of the statutory language and the parties' arguments, the Court finds the plain language of the statute unambiguously prohibits a municipality from curtailing or limiting water service rights only (1) "by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body," or (2) "by the granting of any private franchise for similar service within such area." 7 U.S.C. § 1926(b). Indeed, § 1926(b) does not state, or even suggest, that it applies absent one of these two enumerated events. Additionally, § 1926(b) concludes by specifically referencing "such event[s]." This further suggests that Congress intended to limit the scope of triggering "events" to those previously enumerated. *Id.*

The Court's interpretation is supported by *Chance v. Public Water Supply District No. 16*, 41 S.W.3d 523 (Mo. App. W.D. 2001). *Chance* recognized that:

> Section 1926(b) restricts its application to cases in which a water district's service territory has been included within a municipal corporation's or other entity's boundary. This has not occurred. The service areas of [the city] and the [water] district overlap, but *the statute, by its express terms*, does not pertain to overlapping service areas but *only to cases in which a municipality seeks to curtail or to limit a water district's service area by annexing or including the area within its boundaries*. The statute has no application to this case.

*Id.* at 525 (citation omitted) (emphasis supplied). *Chance* further recognized that—when § 1926(b) does not apply—"cities may supply water to property inside a water district's territory" under Missouri law. *Id.* at 525.[6] This Court's interpretation of § 1926(b) also comports with *Laclede County*, which repeatedly emphasized that courts must apply the plain language of the statute. *Laclede Cnty.*, 605 F.3d at 516-519.

As discussed above, it is undisputed that (1) Springfield has not included the disputed subdivisions "within [its] boundaries," whether by annexation, condemnation, or other means; and (2) no private franchise has been granted to provide water service to the disputed subdivisions. 7 U.S.C. § 1926(b). Because § 1926(b) does not apply absent one of these enumerated circumstances, Springfield is entitled to summary judgment on PWSD's federal claims.

The Court's rejects PWSD's arguments in support of a more expansive interpretation. PWSD emphasizes that § 1926(b) should be construed in favor of protecting rural water districts

---

[6] Specifically, Missouri Revised Statute § 91.050 provides that "[a]ny city in this state which owns and operates a system of waterworks may, and is hereby authorized and empowered to, supply water . . . to persons and private corporations for use beyond the corporate limits of such city[.]"

7

from competition.  *Laclede Cnty.*, 605 F.3d at 515.[7]  But a broad construction of existing statutory language does not permit a court to add language that does not exist.  *National Ass'n of Mfgs. v. Dep't of Defense*, 138 S. Ct. 617, 632 (2018) (recognizing that courts cannot "override Congress' considered choice by rewriting the words of the statute").

PWSD also relies on decisions outside of the Eighth Circuit to support the proposition that § 1926(b) precludes "competition, no matter what form it might take, whether it be by annexation, grant of a franchise, or otherwise."  (Doc. #64, pp. 17, 20-22.)  For example, in *City of Madison v. Bear Creek Water Ass'n, Inc.*, 816 F.2d 1057 (5th Cir. 1987), the Fifth Circuit found that "[t]he statute unambiguously prohibits any curtailment or limitation of a [USDA]-indebted water association's services resulting from municipal annexation or inclusion."  *Id.* at 1059.  But *Bear Creek* then took an additional step, concluding that "this language indicates a congressional mandate that local governments not encroach upon the services provided by such associations, be that encroachment in the form of competing franchises, new or additional permit requirements, *or similar means*."  *Id.* (emphasis supplied).

The Court declines to follow *Bear Creek* and other non-binding decisions that expand the statutory language in § 1926(b).  If Congress wanted to prohibit the curtailment or limitation of water service "by similar means" to those expressly stated, or "by any means," it could have done so.[8]  Congress did not, and it is not within this Court's province to expand upon the written words of a statute.

---

[7] In support of its argument that § 1926(b) protection "extends beyond" the plain language, PWSD quotes the following from *Laclede County*: "[a]s a federally indebted rural water association, the District became insulated from **competition** under 7 U.S.C. § 1926(b)."  (Doc. #64, p. 21) (quoting *Laclede County*, 605 F.3d at 514) (emphasis supplied by PWSD).  But this passage does not suggest that the Eighth Circuit adopted PWSD's interpretation of the statute.  To the contrary, *Laclede County* expressly acknowledged (without deciding) the plain language argument set forth by Springfield in this case.

[8] *Bear Creek* is also factually distinguishable.  There, the municipality initiated eminent domain proceedings to condemn a water district's facilities located within city limits as well as the water district's certificate to operate in the

PWSD also contends that its interpretation would further the two purposes behind § 1926(b): to encourage rural water development and to protect federally-issued loans. *See Rural Water Sys. No. 1*, 202 F.3d at 1038. This may be true, but Congress—not the judiciary—must make any changes to the plain language of the statute. Moreover, the record shows that PWSD has developed its service area and has not defaulted on any of its applicable federal loans. With respect to development, PSWD constructed new wells in 1982, 1998, 2005, 2015, and 2017. PWSD constructed new storage tanks in 1982, 1998, 2005, and 2015. The Court thus agrees with Springfield that "PWSD was motivated to develop its water system notwithstanding its knowledge that [Springfield] was serving those residents. Allowing PWSD to . . . challenge actions taken decades ago does nothing to encourage development." (Doc. #52, p. 21.)

As for securing USDA loans, it is undisputed that PWSD has not defaulted on any financial obligations to the USDA. PWSD paid off the 1965 and 1981 USDA loans. The 2015 loan remains outstanding, but as explained by Springfield, "USDA deemed PWSD sufficiently creditworthy to extend it $1.2 million in 2015 even though those customers were not part of PWSD's rate base and [Springfield] had served them for decades." (Doc. #52, p. 22.)

For all these reasons, PWSD has failed to show a violation of § 1926(b) under the facts and law governing this case. Consequently, Springfield is entitled to summary judgment on Counts One, Two, and Three.

---

area. *Bear Creek*, 816 F.2d at 1058. *Bear Creek* rejected the municipality's attempt to "skim the cream by annexing and condemning those parts of a water association with the highest population density (and thus the lowest per-user cost) [which] would undermine Congress's purpose of facilitating inexpensive water supplies for farmers and other rural residents and protecting those associations' ability to repay their [USDA] debts." *Id.* at 1060. In contrast, the disputed subdivisions in this case were not condemned or annexed, and there is no evidence that Springfield is attempting to "skim the cream" from PWSD's service area. *Id.*

### B. Counts Four, Five, and Six—State Law Claims

Counts Four, Five, and Six assert claims under Missouri state law. Count Four requests the imposition of a collective trust. In Counts Five and Six, PWSD asserts claims under Missouri Revised Statutes §§ 247.160, 247.170, and 247.172. The state law claims are based on similar facts as the § 1926(b) claims. Counts Five and Six allege in part that "Springfield's past sales and continuing sale of water within the PSWD-1 Service Territory is a violation of Missouri state law." (Doc. #1, ¶¶ 41, 45.) PWSD seeks injunctive relief and damages.

PWSD's Complaint does not allege that the Court has original jurisdiction over these state law claims. Instead, PWSD alleges that the Court has federal question jurisdiction based on the § 1926(b) claims and "the rules governing ancillary and pendent jurisdiction." (Doc. #1, ¶ 1.) Because Springfield is entitled to summary judgment on the federal claims, the Court must determine whether it should exercise supplemental jurisdiction over PWSD's remaining state law claims.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it had original jurisdiction. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The parties' summary judgment briefs do not expressly address the issue of supplemental jurisdiction.[9] To ensure a complete record, and to give the parties an opportunity to address this issue, the parties shall file supplemental briefing on whether the Court should exercise supplemental jurisdiction over the state law claims. The parties' briefs are due within seven (7) calendar days from the date of this Order.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

(1) Defendant's Motion for Summary Judgment (Doc. #51) is GRANTED IN PART to the extent that Plaintiff's federal claims (Counts One, Two, and Three), are DISMISSED WITH PREJUDICE; and

(2) Plaintiff's Motion for Partial Summary Judgment (Doc. #44) is DENIED as to Plaintiff's federal claims (Counts One, Two, and Three); and

(3) the Court DEFERS ruling on the parties' respective motions for summary judgment on Plaintiff's state law claims (Counts Four, Five, and Six), and on the parties' respective *Daubert* motions (Doc. #53, Doc. #54); and

(4) within seven (7) calendar days from the date of this Order, the parties shall file supplemental briefs on whether the Court should exercise supplemental jurisdiction over Plaintiff's state law claims (Counts Four, Five, and Six); and

(5) the parties' request for oral argument on the pending motions for summary judgment is DENIED as unnecessary.

---

[9] However, Springfield cites authority for the proposition that "the State Court has exclusive jurisdiction over Plaintiff's [state law] claims." (Doc. #52) (citation and quotations omitted).

**IT IS SO ORDERED.**

                                                                   /s/ Stephen R. Bough
                                                                   STEPHEN R. BOUGH
                                                                   UNITED STATES DISTRICT JUDGE

Dated: October 14, 2021