IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PUBLIC WATER SUPPLY DISTRICT NO. 1 OF GREENE COUNTY, MISSOURI, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 20-cv-03318-SRB |
| CITY OF SPRINGFIELD, MISSOURI, | ) ) ) |
| Defendant. | ) |

## ORDER

In an Order dated October 14, 2021, the Court granted in part Defendant City of Springfield, Missouri's ("Springfield") Motion for Summary Judgment. The Order dismissed with prejudice the federal claims asserted by Plaintiff Public Water Supply District No. 1 of Greene County, Missouri ("PWSD") (Counts One, Two, and Three). The Order also directed the parties to file supplemental briefing on whether the Court should exercise supplemental jurisdiction over PWSD's state law claims (Counts Four, Five, and Six). Both parties timely filed supplemental briefing and request that the Court exercise supplemental jurisdiction over the state law claims. As set forth below, the Court declines to exercise supplemental jurisdiction and DISMISSES WITHOUT PREJUDICE Counts Four, Five, and Six.

The facts of this case were set forth in the October 14 Order and will not be duplicated herein. Because PWSD's federal claims have been dismissed with prejudice, the Court must determine whether it should exercise supplemental jurisdiction over PWSD's remaining state law claims. Under 28 U.S.C. § 1367(c)(3), once a district court has dismissed all claims over which it had original jurisdiction, the district court may decline to exercise supplemental jurisdiction. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every

claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, the applicable factors weigh against the exercise of supplemental jurisdiction. First, the comity factor weighs heavily in favor of a state court resolving the state law claims. The parties are citizens of Missouri, the remaining claims arise under Missouri statutes, and the dispute involves whether PWSD or Springfield has the right to provide water to residents of Missouri. "Out of respect for the principles of federalism and for the courts of the State of [Missouri,]" the Court finds that a Missouri state court should resolve this dispute. *Graham v. Entergy Arkansas, Inc.*, No. 1:11CV00020 SWW, 2011 WL 4963026, at *5 (E.D. Ark. Oct. 19, 2011).

Relatedly, a Missouri state court should resolve the parties' divergent interpretations of the Missouri statutes at issue. Springfield argues that "no comity issues exist because PWSD's state law claims are meritless and can be disposed of on the existing record." (Doc. #74, p. 4.) In contrast, PWSD contends its state claims are supported and "well-established in state law[.]" (Doc. #75, p. 6) After reviewing the record and the parties' arguments, the Court cannot conclude that "the correct disposition of the claim[s] [are] so clear as a matter of state law that [they] can be determined without further trial proceedings and without entanglement with any difficult issues of state law." *White v. BAC Home Loans Servicing, L.P.*, No. 10-2094, 2011 WL

1483901, at *8 (E.D. Mo. Apr. 19, 2011). For all these reasons, the comity factor weighs heavily against the exercise of supplemental jurisdiction.

Second, the judicial economy factor is generally neutral. It is not a waste of judicial resources to have a Missouri state court resolve a dispute arising under Missouri law and that involves citizens of Missouri. The resources already spent by this Court focused on resolving PWSD's federal claims. This Court also considered the state law claims, but "has not invested significant time in adjudicating Plaintiffs' [state law] claims." *C & J Mgmt. Corp. v. Anderson*, 707 F. Supp. 2d 858, 864 (S.D. Iowa 2009).

Third, the convenience factor weighs only slightly in favor of exercising supplemental jurisdiction. "The discovery in the District Court can be used in the state litigation, so the efforts of the parties to gather facts will not have been wasted." *Koke v. Stifel, Nicolaus & Co., Inc.*, 620 F.2d 1340, 1347 (8th Cir. 1980). With minor revisions, the parties may also refile in state court any applicable briefing filed in this case. *See C & J Mgmt.*, 707 F. Supp. 2d at 864 (finding no "significant inconvenience to the parties if Plaintiffs refile[d] their state claims in state court since their work, to date, c[ould] be directly applied in a state court action"). Although declining supplemental jurisdiction will cause some delay, that delay should not be significant.

Fourth, the fairness factor does not support the exercise of supplemental jurisdiction. The parties will have a fair and adequate opportunity to present their claims and defenses in state court. There is also no unfairness in requiring Missouri citizens to litigate Missouri state law claims in Missouri state court. Indeed, declining supplemental jurisdiction "will allow the [parties] to obtain a definitive ruling on the [state law] issues in state court, thereby procuring for them a surer-footed reading of applicable law." *Koke*, 620 F.2d at 1347. On balance, the Court

3

finds that while its continued exercise of supplemental jurisdiction would be permissible, it declines to do so here.

"When declining to exercise supplemental jurisdiction under § 1367(c), the court can decide to dismiss the remaining claims without prejudice or remand those claims to state court." *Graham v. Hubbs Mach. & Mfg., Inc.*, 188 F. Supp. 3d 895, 907 (E.D. Mo. 2016) (citations omitted). However, when, as here, a case is originally filed in federal court, "a district court has no power to remand a non-removed case to state court." *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1017 (8th Cir. 2015). Consequently, the Court dismisses PWSD's state law claims (Counts Four, Five, and Six) without prejudice.

For these reasons, it is hereby ORDERED that:

(1) Plaintiff's state law claims (Counts Four, Five, and Six) are DISMISSED WITHOUT PREJUDICE; and

(2) Plaintiff's Motion for Partial Summary Judgment on its state law claims (Doc. #44), Defendant's Motion for Summary Judgment on Plaintiff's state law claims (Doc. #51), Plaintiff's Daubert Motion to Exclude the Proposed Testimony of Cary D. Sayre (Doc. #53), Defendant's Motion to Exclude Testimony of Mark Blair (Doc. #54), and Plaintiff's Motion to Limit Extrajudicial Statements (Doc. #65) are DENIED WITHOUT PREJUDICE as MOOT, subject to refiling in state court; and

(3) the Clerk of Court shall mark this case as CLOSED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2021